UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA FLETCHER,

 Plaintiff,

             Case No. 1:26-cv-1170

v.

             Hon. Hala Y. Jarbou

LOWE'S HOME CENTERS, LLC,

 Defendant.
_____/

**<u>ORDER</u>**

Plaintiff Maria Fletcher brought this personal injury action in state court.  Defendant Lowe's Home Centers, LLC, removed the action to this Court on the basis of diversity jurisdiction, which requires complete diversity of the parties and an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332(a).  Here, Plaintiff alleges that she sustained "severe injuries including but not limited to her right arm" after Defendant's automatic door malfunctioned and closed on her arm.  (Compl. ¶ 8, ECF No. 1-1.)  Plaintiff's complaint does not specify an amount of damages, other than the fact that the damages exceed $25,000.  Not satisfied that these allegations could be fairly read to allege an amount in controversy greater than $75,000, the Court ordered Defendant to show cause why the Court should not remand the case for lack of jurisdiction.  (4/13/2026 Order, ECF No. 5.)  Before the Court is Defendant's response to the Court's order.

As the Court indicated in its previous order, "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  When "a plaintiff claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold." *Naji v. Lincoln*, 665 F. App'x 397, 400–01 (6th Cir. 2016).  "[C]ourts may use their judicial

experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 401 n.2 (quoting *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010)).  Among other things, a removing defendant "may rely on a 'fair reading of [the plaintiffs'] complaint' to establish the amount in controversy." *US Framing Int'l LLC v. Cont'l Bldg. Co.*, 134 F.4th 423, 429 (6th Cir. 2025) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001)).  In this case, however, the Court is not persuaded that a fair read of the complaint establishes the amount in controversy.

Defendant argues that, in its attorney's experience, it is "rare" for a plaintiff claiming personal injury to seek damages less than $75,000.  (Def.'s Resp. Br. 3, ECF No. 6.)  According to counsel, it would be "unusual" for a personal injury plaintiff to not demand or pursue damages greater than $75,000.  (*Id.*)  However, counsel's general experience with personal injury litigants is not evidence, let alone evidence that applies to this particular case.  Thus, Defendant's argument does not satisfy its evidentiary burden.

Alternatively, Defendant argues that the Court should require Plaintiff to identify her damages or to clarify whether she seeks more than $75,000.  But Defendant provides no authority for this approach.  Indeed, some courts discourage post-removal discovery regarding jurisdiction because it would "frustrat[e] the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction." *Knox Hills, LLC v. Ambac Assur. Corp.*, No. 3:14-CV-00841-DJH, 2015 WL 1298622, at *2 (W.D. Ky. Mar. 23, 2015) (quoting *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1217 (11th Cir. 2007)).

Moreover, it is not Plaintiff's burden to establish federal jurisdiction.  Defendant can and should use the discovery process available in state court to determine the amount in controversy

2

before removing the case to this Court.  *See Arguedas v. Lowe's Home Ctrs., Inc.*, 2023 WL 98665 at *2 (E.D. Ky. Jan. 4, 2024) ("To determine whether the amount in controversy allows removal to federal court, parties often engage in pre-removal discovery."); *see also* 28 U.S.C. § 1446 (b)(3) (permitting removal "within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

Accordingly,

**IT IS ORDERED** that the case is **REMANDED** to Ingham County Circuit Court.


Dated: April 21, 2026                                      /s/ Hala Y. Jarbou
                                                           HALA Y. JARBOU
                                                           CHIEF UNITED STATES DISTRICT JUDGE